# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**BILLY WAYNE JOHNSON**                                                           **PLAINTIFF**

**v.**                                                       **CIVIL CASE NO. 3:20-CV-80-NBB--DAS**

**ANDREW M. SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## REPORT AND RECOMMENDATION

Billy Wayne Johnson seeks judicial review of the Social Security Administration's decision denying his application for Social Security Disability Insurance, Supplemental Security Income, and a Period of Disability. The undersigned held a hearing on May 4, 2021. Docket 22. The undersigned, having reviewed and considered the record, briefs, and oral argument, and having considered the applicable regulations and case law in this matter, recommends the decision of the Commissioner of Social Security be remanded.

## FACTS

Johnson filed for benefits on January 27, 2017. After the Commissioner denied his application initially and on reconsideration, the Administrative Law Judge (ALJ) held an evidentiary hearing. He issued an unfavorable decision on January 28, 2019; the Appeals Council (AC) affirmed the decision and this timely appeal followed. The ALJ found the plaintiff's severe impairments were depression and residual effects of a stroke.

## ANALYSIS

The plaintiff raises five issues on appeal. The court finds the plaintiff's first issue is the only basis for remand. The plaintiff argues that because the opinions of consultative examiner Dr. Buck and State agency physician Dr. Tapley predate treatment records documenting the plaintiff's November and December 2017 strokes, the ALJ erred in evaluating their opinions.

The plaintiff contends that these physicians did not have the benefit of material evidence supporting his use of an assistive device and an upper extremity limitation and thus their opinions, on which the ALJ relied in formulating the RFC, do not constitute substantial evidence.

On August 1, 2017, the plaintiff underwent a consultative examination with Dr. Pamela Buck, and on November 22, 2017, State agency physician Dr. Thomas Tapley issued a disability determination explanation at the reconsideration level finding the plaintiff not disabled. The ALJ afforded great weight to Dr. Buck's consultative evaluation report finding that she based her opinions on objective findings and observation. The ALJ afforded significant weight to DDS physician Dr. Tapley's opinion, finding it consistent with the plaintiff's demonstrated level of functioning.

Just one day after Dr. Tapley's decision was issued, the plaintiff was admitted to Methodist Hospital from November 23, 2017 through November 26, 2017, where he received inpatient treatment for a stroke. The plaintiff again received inpatient treatment from December 27, 2017 through January 3, 2018 for a second stroke. From January 3, 2018 through January 11, 2018, the plaintiff received inpatient occupational therapy, physical therapy, and speech therapy at HealthSouth Rehabilitation Hospital.

The plaintiff is correct that Drs. Buck and Tapley did not have access to any of these records—which number over one thousand pages—when generating their opinions. The court's preliminary review of these records reveals multiple references to the use of assistive devices for ambulation, impaired balance and functional mobility as well as decreased coordination, and issues involving the plaintiff's left upper and lower extremity strength affecting his ambulation and mobility. However, the ALJ's discussion of these records is limited to one paragraph in his decision and lacks any substantive analysis of the plaintiff's condition. For example, the

plaintiff's inpatient rehabilitation records span eight days yet are summarized in the ALJ's decision as "[h]e progressed well with physical and occupational therapy" and "he made excellent progress with therapy."

Despite ultimately limiting the plaintiff to a more restrictive RFC than either Dr. Buck or Dr. Tapley, the ALJ's cursory discussion of this extensive objective medical evidence falls woefully short of convincing the court that substantial evidence supports the residual functional capacity (RFC) finding. While the ALJ has considerable discretion in considering not just the medical evidence in the record, but other evidence, in making this determination, the court cannot ascertain from the ALJ's decision how or whether he considered this significant amount of objective medical evidence in formulating the plaintiff's RFC. *See Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted). For these reasons, the undersigned recommends that on remand, the ALJ provide a more thorough explanation of the medical evidence generated subsequent to Dr. Buck's and Dr. Tapley's opinions to fully address the plaintiff's condition and functional abilities after experiencing two strokes.

The undersigned finds the ALJ did not err in failing to find arthritis to be a severe impairment. The plaintiff did not allege arthritis was a disabling condition in his application materials nor has the plaintiff identified any medical records documenting complaints of or treatment for arthritis.

As for the plaintiff's argument that the ALJ failed to develop the record when he did not order a consultative examination, the undersigned finds that the ALJ did not abuse his discretion in this regard. Despite the plaintiff's claim that the ALJ should have obtained an additional opinion regarding his functional limitations after his two strokes, in light of the 2000-plus page

record and two prior consultative examinations, there is no indication that additional evidence is needed to discharge the ALJ's duty of full inquiry. *See* 20 C.F.R. 404.1519a(b); *see also Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). Rather, the court finds issue with the ALJ's failure to properly evaluate the medical evidence of record as outlined above.

Next, the plaintiff argues that the ALJ failed to assign any weight to Dr. Adams' consultative examination report in violation of 20 C.F.R. §404.1527. While the ALJ did not assign a specific weight to Dr. Adams' opinion, he did discuss Dr. Adams' findings, specifically noting "some indication of loss of sensation in parts of the left hand" that "did not follow any nerve pattern." The Commissioner responds that Dr. Adams' objective findings and observations support the RFC thus any error is harmless. Any error as to the ALJ's evaluation of Dr. Adams' report is accounted for by the undersigned's recommendation that this matter be remanded for the ALJ to provide a more thorough analysis of the medical evidence related to the plaintiff's strokes. Dr. Adams' opinion was also generated prior to the plaintiff's strokes and to the extent that there is any basis for additional functional limitations, the ALJ should address such evidence on remand.

Finally, the plaintiff argues the ALJ failed to properly consider whether his limitations met or equaled Listing 11.04(B). He claims the ALJ failed to analyze any of the medical evidence with regard to this listing or provide any reasoning for his determination at step three.

Listing 11.04B requires evidence of "[d]isorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, persisting for at least 3 consecutive months after the insult." The ALJ's decision summarily states "[t]he claimant's residual effects of a stroke do not meet or medically equal the

requirements for Listing 11.04" due to "insufficient evidence" without any further explanation. While the plaintiff points to the treatment records documenting his strokes in support of this argument, he has not established that his symptoms persisted for three months after his first stroke on November 23, 2017. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) ("The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination"); *see also* 20 C.F.R. § 404.1526(a) ("Your impairment(s) is medically equivalent to a listed impairment in appendix 1 if it is at least equal in severity and duration to the criteria of any listed impairment"). As noted by the Commissioner, the remaining June 2018 records describe a fall occurring after "he had [two] drinks after smoking marijuana last night and he got his walker caught in carpet and he fell backwards into a glass table." Docket 9-2 at 567. Accordingly, the objective medical evidence of record does not establish that the plaintiff met the durational requirement for Listing 11.04(B). The undersigned finds the ALJ did not err in failing to find the plaintiff did not satisfy this listing.

## RECOMMENDATION

For these reasons, the undersigned recommends that the Commissioner's decision be reversed and remanded for a reevaluation of the plaintiff's application that provides a more thorough analysis of the treatment records documenting the plaintiff's strokes and subsequent rehabilitation treatment.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any plaintiff desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 14 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party

from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (superseded by statute as time limit for response).

    **SO ORDERED**, this the 10th day of May, 2021.

                                                    /s/ David A. Sanders
                                                  **UNITED STATES MAGISTRATE JUDGE**